# EXHIBIT A

**Verification, Case Docket and Superior Court Documents**

<u>VERFICATION</u>

STATE OF ARIZONA     )
                           ) ss.
County of Maricopa     )

I, Julie M. Rhodes, hereby state, under penalty of perjury, that the following information is true to my knowledge, information, and belief:

1.     I am one of the attorneys for certain State Defendants in the matter of *Stephanie Stephens v. State of Arizona, et al.*, CV2022-092486, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before Judge Rodrick Coffey.

2.     On September 21, 2022, I filed a Notice of Removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 seeking to remove *Stephanie Stephens v. State of Arizona, et al.*, CV2022-092486, to the United States District Court for the District of Arizona.

3.     In compliance with 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County, *Stephanie Stephens v. State of Arizona, et al.*, CV2022-092486.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 21st day of September, 2022.

*Julie M. Rhodes*
_____
Julie M. Rhodes

#10654462



Select Language ▼

Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2022-092486 | Judge: | Coffey, Rodrick |
| File Date: | 6/8/2022 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Stephanie Stephens | Plaintiff | Female | Keith Knowlton |
| State Of Arizona | Defendant | | Julie Rhodes |
| Kasey Mike Faust | Defendant | Male | Julie Rhodes |
| Conchetta Oglesby | Defendant | Male | Julie Rhodes |
| Clara Harwood | Defendant | Female | Julie Rhodes |
| Chantel Madson | Defendant | Female | Julie Rhodes |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 9/14/2022 | 022 - ME: Order Signed | 9/14/2022 | |
| 9/13/2022 | ORD - Order | 9/19/2022 | |
| NOTE: THAT DEFENDANT STATE OF ARIZONA AND DEFENDANT FAUST WERE SERVED WITH THE COMPLAINT ON AUGUST 22 2022 | | | |
| 9/12/2022 | CAN - Credit Memo Appearance Fee Paid | 9/13/2022 | |
| NOTE: Credit Memo/Appearance Fee Paid | | | |
| 9/9/2022 | AMC - Amended Complaint | 9/14/2022 | |
| NOTE: First Amended Complaint | | | |
| 9/9/2022 | AMC - Amended Complaint | 9/15/2022 | |
| NOTE: First Amended Complaint | | | |
| 9/5/2022 | MXS - Motion To Extend Time For Service | 9/9/2022 | |
| NOTE: Amended Unopposed Motion to Extend Service of Process Deadline | | | |
| 9/5/2022 | MXS - Motion To Extend Time For Service | 9/9/2022 | |
| NOTE: Unopposed Motion to Extend Service of Process Deadline | | | |
| 9/2/2022 | STP - Stipulation | 9/8/2022 | |
| NOTE: STIPULATION FOR PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT; DEFENDANTS HARWOOD AND MADSON TO ACCEPT | | | |
| 8/17/2022 | 322 - ME: Notice Of Intent To Dismiss | 8/17/2022 | |
| 6/8/2022 | COM - Complaint | 6/10/2022 | |
| NOTE: Complaint | | | |
| 6/8/2022 | CSH - Coversheet | 6/10/2022 | |
| NOTE: Civil Cover Sheet | | | |
| 6/8/2022 | CCN - Cert Arbitration - Not Subject | 6/10/2022 | |
| NOTE: Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 6/8/2022 | SUM - Summons | 6/10/2022 | |
| NOTE: Summons | | | |
| 6/8/2022 | SUM - Summons | 6/10/2022 | |
| NOTE: Summons | | | |
| 6/8/2022 | SUM - Summons | 6/10/2022 | |
| NOTE: Summons | | | |
| 6/8/2022 | SUM - Summons | 6/10/2022 | |
| NOTE: Summons | | | |
| 6/8/2022 | SUM - Summons | 6/10/2022 | |
| NOTE: Summons | | | |
| 6/8/2022 | SUM - Summons | 6/10/2022 | |
| NOTE: Summons | | | |

| | | | |
|---|---|---|---|
| 6/8/2022 | SUM - Summons | | 6/10/2022 |
| **NOTE:** Summons | | | |
| 6/8/2022 | SUM - Summons | | 6/10/2022 |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411760

1   KEITH M. KNOWLTON, L.L.C.
2   9920 S. Rural Road, Suite 108
    PMB# 132
3   Tempe, Arizona 85284-4100
    (480) 755-1777
4   FAX (480) 471-8956
    Attorney for Plaintiff
    **Keith M. Knowlton - SBN 011565**
5   keithknowlton@msn.com

6           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
7              **IN AND FOR THE COUNTY OF MARICOPA**

8   Stephanie Stephens, individual,              )
9                                                )
                        Plaintiff,               )
10  vs.                                          )   COMPLAINT    **CV2022-092486**
                                                 )
11  State of Arizona; Kasey Mike Faust, Director )   (Interference with Parental Custody, Intentional
    Department of Child Safety, Conchetta Oglesby)   Infliction of Emotional Distress, Malicious
12  and Spouse Oglesby, husband and wife; Clara  )   Prosecution, Negligent Supervision, Gross
    Harwood and Spouse Harwood, husband and      )   Negligence and Injunction)
13  wife; Chantel Madson and Spouse Madson,      )
    husband and wife; and INDIVIDUALS,           )
14  ENTITIES OR CORPORATION I-X,                 )
                                                 )
15                      Defendants.              )
    _____)

16          Plaintiff, Stephanie Stephens**,** as and for her complaint against Defendants,

17  alleges as follows:

18                       **JURISDICTIONAL ALLEGATIONS**

19          1.      Plaintiff Stephanie Stephens (aka Kovacs) (hereafter referred to as

20  "Plaintiff" or "Stephens") at all times mentioned herein resided in Maricopa County,

21  Arizona.

22          2.      At all times relevant to this Complaint, "Child 1" and "Child 2" are minor

23  children of Stephanie and are referred to as Child 1 and or 2 in the Complaint to

24  protect the children's identity.

25          3.      Defendant State of Arizona is a body politic of the United States of

26  America.  The State of Arizona caused events to occur that are the subject of this

                                          1

complaint through the Department of Child Safety ("DCS").  DCS is a non-jural entity of the State of Arizona.

4.     Defendant Mike Faust ("Faust") at all time relevant to this complaint is and was the Director of DCS and caused events to occur out of which this complaint arose.

5.  Defendant Conchetta Oglesby, DCSS ("Oglesby"), Clara Harwood, DCSS ("Harwood") and Chantel Madson, DCSS "Madson") (collectively referred to as "Individual Defendants" are DCS case workers or supervisors involved with Child 1, Child 2 and Plaintiff and at the time were employees of the State of Arizona (through DCS) and caused events to occur in Maricopa County, Arizona out of which this complaint arose.

6.     Each and every individual Defendant, including Fausst is being sued for their conduct and not because of the position they hold.

7.     At all times mentioned herein, each individual Defendant was acting within the course and scope of employment when they caused events to occur in Arizona out of which this Complaint arose.

8.     Upon information and belief the above Individual Defendants, other than Faust are married and the names of their husbands and/or wives are unknown and therefore listed as Spouse.

9.     Upon information and belief the alleged acts of the above individual Defendants  were done for the benefit of the marital community and therefore Plaintiff will amend the Complaint to include the names of any of the spouses prior to trial of this matter.  This allegation only applies to pendent state tort claims and not to claims raised under 42 U.S.C. § 1983.

10.     Proper notice of claim has been given pursuant to all relevant statutory provisions applicable in Arizona.

11.     A JURY TRIAL IS REQUESTED.

## SUMMARY

12.    Defendants, intentionally and with malice, pursued a dependency petition to take custody of Child 1 and Child 2 from Plaintiff without reasonable cause (probable cause) or just basis. Defendant Oglesby, Harwood and Madson's knowingly and maliciously withheld material information from the Juvenile Court to obtain and maintain a dependency ruling from the Juvenile Court Judge taking Child 1 and Child 2 from Plaintiff's custody and control.  Further, they knowingly, intentionally and at a minimum maliciously refused to investigate the manipulation and coercion of the children by their father to bring false allegations against Stephanie and her significant other Joel Hanger to take the children away from Stephanie.

## FACTUAL ALLEGATIONS

13.    Plaintiff incorporate all the above paragraphs as though fully set forth herein.

14.    Plaintiff is the parent of Child 1 and Child 2 who at all relevant times are minors.

15.    At all relevant times, Stephanie was in a family court custody battle with her ex-husband Demetrius Kovacs ("Father") in FC 2017-002028.

16.    On February 14, 2020, Judge Blaney on his own motion entered temporary orders because of his concern that Father was manipulating the children to alienate the children away from Stephanie.  He specifically ruled that Father "has worked to alienate the children away from Mother and that Father's actions create a risk to the children's mental and emotional wellbeing.

17.    Father's efforts have been largely successful to this point – the children do not respect their Mother and they refuse to participate in parenting time with their Mother.  The Court must take action to begin to counteract the effects of Father's inappropriate actions."

3

18.     March 30th, 2020, Stephanie was awarded sole legal decision-making and parenting time and Oglesby was aware Father was not returning children to Mother and avoiding service of process.

19.     On April 9, 2020, Oglesby submitted a Declaration to the Maricopa County Superior Court Judge Rodney Mitchell, pursuant to A.R.S. §8-821(A) for an order to take custody away from Stephanie of Child 1 and Child 2 ("Minor Children").

20.     There was no mention in the Declaration that Father was alienating the Children against Stephanie and potentially was coercing the children to make false allegations against Stephanie.

21.      The Superior Court Judge signed an order based on the Declaration authorizing the Department of Child Safety, ("DCS") to remove the Children from Stephanie's custody and control.

22.     In the April 17, 2020 Report filed with the Juvenile Court, Oglesby and Harwood stated at page 3 "during the visits, the children appeared coached to lie to the Department."

23.     In July of 2019, the Family Court Judge was aware of the allegations by Father that the Children were fearful of Joel and personally interviewed each Child. The Family Court Judge did not find that the statements of the Children were credible and maintained current parenting time.

24.     Before pursuing Dependency, a forensic interview of the Children by trained interviewers should have taken place before taking custody of the Children from Stephanie.

25.     On the stand and under oath, Oglesby admitted it had crossed her mind that Father was coaching the girls to make the allegations against Stephanie (Mother).

26.     "DCS" then filed, based on the Declaration of Oglesby, which was signed off on by Harwood her supervisor, without any mention of alienation, manipulation,

coaching and/or coercion by Father, a Dependency Petition against Mother Stephanie on April 14, 2020.

27.    Stephanie vehemently denied all allegations DCS made against her and asserted the facts, that all allegations against Joel were false, and that the children were being coached and manipulated by Father as found by the Court.

28.    The key fact to the Dependency Petition was that Stephanie did not believe the allegations asserted against her by her Children were true.  Oglesby, Madson and Harwood argued that Stephanie was not protecting her children because Stephanie did not believe them.

29.    Oglesby, Madson and Harwood did not conduct any forensic interview of the Children to determine if the stories were made up or true.

30.    Oglesby, Madson and Harwood refused to do this even though they had and reviewed the ruling from the Family Court Judge finding that the Father was manipulating the Children to alienate the Children from Stephanie and did so with great effect.

31.    Oglesby, Harwood and Madson rejected any concern of manipulation or coaching and rather than determining the truthfulness of the allegations made by the Children, filed Dependency because Stephanie felt the children were not being truthful and were being coached by Father into making the allegations.  All of which turned out to be true.

32.    The dependency adjudication was held on July 9, 2020. The Juvenile Court Judge found that a dependency existed as to Stephanie, for both children. Stephanie timely appealed.

33.    On October 29, 2020, the Juvenile Court issued an Order making specific dependency findings.

34.    Stephanie's appeal continued and the Juvenile Court's dependency findings were affirmed by the Court of Appeals on April 22, 2021.

35.     Stephanie then filed a petition for review with the Supreme Court of Arizona.

36.     Madson replaced Oglesby on June 29, 2020.  She reviewed the file and met with Oglesby.  She agreed with Oglesby and refused to consider that the fearful allegations were the result of manipulation, coercion or coaching by Father.  She so testified at the Dependency hearing.

37.     On March 10, 2021, DCS submitted a Court Report prepared by a new case worker Jeff Smith approved by a new supervisor, Connie Moore.

38.     The Court Report provided new information which was not available during the dependency adjudication in July of 2020.

39.     The Children disclosed that they were coached by Father to tell egregious lies about Stephanie and Joel.

40.     The Court Report cast doubt on the evidence provided to the Juvenile Court at the Dependency adjudication on July 9, 2020.

41.     During the Report and Review hearing on March 12, 2021, the Juvenile Court found that it was "harmful for Father to have contact with the children based on Father's coaching the children to make malicious allegations against the Mother and her significant other, which could affect the children's mental health."   Visitation with Father was suspended due to the potential harm to the children.

42.     Oglesby, Madson and Harwood refused to consider the allegations were the result of Father's coercion because they did not want to pursue such claims against Father and felt he was safer for the Children to live with.  They were biased.

43.     Stephanie successfully participated in all services and worked with the Family Reunification Team.  Unsupervised visitation between Stephanie and Child 1 and Child 2 started in March of 2021.

44.     Child 1 returned to Mother's home on April 21, 2021, and the case was involving Child 1 dismissed on April 23, 2021.

45.     Child 2's visits in March/April 2021 went well, and Child 2 voiced her desire to return home.

46.     This dependency was terminated by the Juvenile Court effective June 22, 2021.

47.     On 7/15/2021, the Juvenile Court Judge Whitten vacated the reasons for his finding of dependency regarding the Children.

48.     Judge Whitten had Stephanie's Motion for Reconsideration/Motion to Set Aside Dependency Finding" filed on June 3, 2021 and DCS's response, filed on June 18, 2021.

49.     When the motion was filed, Mother's appeal remained pending, so the Juvenile Court lacked jurisdiction to consider the motion. It was therefore denied, with the Court indicating it would consider the motion based upon the previously filed pleadings if re-urged after Stephanie's appeal was withdrawn.

50.     On July 12, 2021 Stephanie filed a notice that her appeal had been withdrawn and asking the Court to take up her June 3, 2021 motion:

51.     "On July 9, 2020 the Juvenile Court found Mother's two children to be dependent children, based almost exclusively on their complaints of abuse by Mother's boyfriend and Mother's failure [to] respond appropriately to protect the girls from that abuse.

52.     After more than nine months, just before the Report and Review Hearing on March 12, 2021, both girls revealed that Father had coached them to make up false allegations against Mother's boyfriend. They told the case manager that none of the abuse allegations which formed the basis of the July 9, 2020 dependency were true…."

53.     "Mother now seeks to purge the record of the judicial finding that her children were dependent – that she was not able and willing to exercise proper care and control of them. The Court has review[ed] the evidence which lead to its July 9, 2020 dependency finding. The Department correctly points out that there were other, much

less serious, allegations raised in the initial reports. The question, then, is whether the Court would have ever found a dependency on the record that existed on July 9, 2020 without the problems created by Father encouraging the children to falsely accuse Mother's boyfriend of abuse."  "It certainly would not have."

54.   "While life was not perfect in Mother's home before the false allegations were made, it was not one lacking a parent who was capable of and willing to exercise proper care and control of the children."

55.   "ACCORDINGLY, Mother's Motion for Reconsideration/Motion to Set Aside Dependency Finding is granted and the Court's order that the children were ever dependent as to Mother is vacated."

56.   Oglesby, Madson and Harwood were well aware of Fathers manipulation, coercion, alienation of the Children and failed to include this information in the Dependency Petition and failed to take any action to determine the truthfulness of the allegations before or after taking the children into custody.

57.   .

## COUNT ONE
## WRONGFUL PROSECUTION OF A CIVIL ACTION

58.   Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

59.   The Individual Defendants and each of them instituted the dependency action and acted as the complaining witnesses in the dependency action against Plaintiffs.

60.   The dependency proceedings were motivated by malice.

61.   The fact that there was no probable cause or reasonable basis to take custody of Child 1 or Child 2 and to pursue dependency infers malice.

62.    As found by the Juvenile Court Judge, the dependency proceeding was begun without probable cause or reasonable basis.

63.    The dependency action ultimately was terminated in Plaintiffs favor.

64.    As a result of the CPS Individual Defendants actions alleged above, Plaintiff suffered damages, including but not limited to temporary loss of custody of minor Child 1 and Child 2, injury to Stephens' reputation, loss of time with the minor children and mental and emotional distress, all in an amount to be determined at trial.

65.    Plaintiff is entitled to punitive damages to the extent the CPS Individual Defendants acted outside the course and scope of their employment.

66.    The State of Arizona is respondeat superior liable for the acts of the Individual Defendants.

67.    Malice is "a wish to vex, annoy or injure another person, or intent to do a wrongful act, established either by proof or presumption of law." A.R.S. § 1-215(20).

68.    A.R.S. § 8-805 specifically allows civil litigation against those who maliciously participate in the dependency process.

69.    A person who maliciously provides false or misleading information to the Juvenile Court should not escape liability for their conduct because the Juvenile Court relied upon that false or misleading information in finding dependency.

70.    A.R.S. §8-805 allows civil accountability for those who malicious instituted the dependency process and/or maliciously provided the false or misleading evidence to the Juvenile Court to obtain the dependency ruling.

71.    Such a civil action is seeking accountability for those who maliciously injure a parent, child and family in the dependency process and accountability is part of the checks and balances to assure the integrity of the dependency process.

72.    The State of Arizona is respondeat superior liable for the acts of Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**COUNT TWO**
**NEGLIGENT HIRING, RETENTION OR SUPERVISION**

73.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

74.     The State of Arizona conducts its supervision of children taken into custody by the State through its employees at DCS.  The State of Arizona, through DCS and its director Mike Faust was negligent in the supervision of the tortuous and unconstitutional actions of the Individual Defendants and their supervisors as set forth in this complaint, which where all employees of the State of Arizona and or alternatively, DCS failed to properly train and supervise its employees.\

75.     Further, the State of Arizona and/or Mike Faust was negligent in permitting or failing to prevent the tortuous and unconstitutional acts set forth in this Complaint by the other Defendants.

76.     The Individual Defendants and their supervisors are not trained by DCS to assure that probable cause exists before taking a child into temporary custody and in this case, Defendants acted on a report alone made from a source they knew at the time was a non-credible source.

77.     The State of Arizona and/or Faust caused damage to Plaintiff in an amount to be proven at trial.

78.     The State of Arizona is respondeat superior liable for the acts of Defendant Faust.

**COUNT THREE**
**INTENTIONAL INTERFERRENCE WITH PARENTAL CUSTODY OF A CHILD**

10

79.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

80.     The Individual Defendants and each of them conspired and agreed together to deprive Plaintiffs of custody and control of Child 1 and/or Child 2 ("Minor Children") .

81.     The Individual Defendants intentionally interfered with Plaintiff's Custody of the Minor Children.

82.     The Individual Defendants took custody of the Minor Children without probable cause or reasonable justification.

83.     The Individual Defendants and each of them acted with malice.

84.     Malice is inferred by the lack of reasonable basis and/or probable cause to take the Minor Children into temporary emergency custody.

85.     As a result of Defendants actions alleged above, Plaintiff suffered damages including but not limited to alienation of affection, loss of companionship and custody of the Minor Children, injury to Stephen's reputation and endured mental and emotional distress, all in an amount to be determined at trial.

86.     The Individual Defendants' actions proximately caused damage to Plaintiffs in an amount to be proven at trial.

87.     Plaintiff is entitled to Punitive Damages to the extent the CPS Individual Defendants acted outside the course and scope of their employment.

88.     The State of Arizona is respondeat superior liable for the acts of Defendants.

## COUNT FOUR
## NEGLIGENCE

89.     Plaintiff incorporates herein by this reference all proceedings paragraphs of the Complaint.

11

90.    The Individual Defendants had a duty not to seek custody and to interfere with the parental custody and parental relationship of Plaintiff with the Minor Children on an emergency or temporary basis without probable cause.

91.    CPS Individual Defendants were grossly negligent and acted with malice in taking custody of the Minor Children based on allegations they knew came from a non-credible source without first obtaining some substantiation of the allegations.

92.    The Individual Defendants had a duty to investigate and only take action temporary custody of the Minor Children if they had credible evidence that the Minor Children wellbeing would be at risk in Plaintiffs care.

93.    The gross negligence of the Individual Defendants has proximately caused Plaintiff injury and damage in an amount to be proven at trial.

94.    The State of Arizona is respondeat superior liable for the acts of the CPS Individual Defendants.

**COUNT FIVE**
**INTERFERRENCE WITH PARENTAL CUSTODY**
**(42 U.S.C. § 1983)**

95.    Plaintiffs incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

96.    Parents have a constitutional right to the care and custody of their children.

97.    The state may remove a child from the parents' custody only if there is probable cause to believe the child is subject to immediate or apparent harm or danger.

98.    Probable cause must be based on reasonably trustworthy information.

99.    It has been well established that a police officer cannot ignore exculpatory evidence if a reasonable police officer would conclude that probable cause had not yet been established by the untrustworthy information then available.

100.    Based on the Ruling of the Juvenile Court Judge, the dependency was not only dismissed and custody awarded to Plaintiff, but the reasons for the Dependency finding themselves were reversed and vacated.

101.    In committing the above referenced actions and/or omissions, the Individual Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of  Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to interference with the custody of Child 1 and Child 2 by taking temporary custody of the Minor Children from Plaintiffs without probable cause or reasonable basis, thereby violating Plaintiffs fundamental constitutional rights and thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

102.    The Individual Defendants, took temporary custody of DB from Plaintiffs without probable cause, reasonable basis and without lawful authority.

103.    This taking injured Plaintiffs fundamental constitutional right to maintain custody and control of her Minor Children absent probable cause or reasonable basis to conclude immediate need to protect the child from abuse or neglect.

104.    The Individual Defendants and each of them conspired to and agreed together to deprive Plaintiffs of custody of of the Minor Children without probable cause or reasonable basis.

105.    Upon information and belief, the Individual Defendants did so intentionally and with malice because Plaintiffs asserted the wrongful act were being cause by Father and not Mother.

106.   The Individual Defendants' actions were deliberately indifferent to Plaintiffs constitutional rights as parents.  \

107.   The Individual Defendants acted pursuant to policy, practice, procedure, custom, direction and/or ratification of DCS chief executive officer Faust and thereby the State of Arizona.

108.   As a matter of police, practice, procedure and/or custom at DCS, Kasey Thermes and Amanda Rexin do not take children into temporary custody without the blessing and direction of other supervisors and the Regional Administrative Program Manager.

109.   Pursuant to 42 U.S.C. § 1983, the Individual Defendants are liable to Plaintiffs for the above-described violations of Plaintiffs Constitutional rights.

110.   Plaintiffs are entitled to all rights, remedies, in law or in equity, available to them under 42 U.S.C. § 1983.

111.   Plaintiff has suffered the loss of custody and time with the Minor Children, suffered humiliation and degradation and injury to her reputation because of Defendants' Unconstitutional acts.

112.   Plaintiff is entitled to recover her reasonable costs and attorney's fees under 42 U.S.C. § 1983.

113.   Plaintiff is entitled to punitive damages.

## COUNT SIX
## MALICOUS PROSECUTION
(42.S.C. § 1983)

114.   The allegations set forth above are fully incorporated herein by this reference.

115.   Defendants acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourth, and/or

Fourteenth Amendments to the Constitution of the United States of America, including but not limited to Plaintiffs right to be free from dependency proceedings to take the Minor Children from Plaintiff which are not based upon probable cause, thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

116.   The right of a parent to maintain custody and control of children unless there is probable cause to believe continued custody and control of the parent would expose the child to a risk of abuse and/or neglect is a fundamental constitutional right.

117.   Defendants, under color of state law conspired together to bring and brought a dependency action against Plaintiff that terminated in Plaintiff favor.

118.   The individual Defendants acted as the complaining witnesses and or prosecutors, actuated by malice and without probable cause.

119.   Upon information and belief, the malicious prosecution of dependency regarding the Minor Children against Plaintiffs directly resulted from DCS policies, practices, procedures, and customs and/or was ratified by the chief executive officer Faust of DCS or alternatively, DCS and/or Faust failure to properly train and supervise its employees.

120.   Defendants' actions proximately caused a violation of Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

121.   Defendants' actions proximately caused Plaintiffs injury and damage in an amount to be proven at trial.

122.   Plaintiffs are entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

123.   Plaintiffs are entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

124.   Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants and each of them as follows:

1.  For compensatory and consequential damages;

2.  For attorney's fees and costs;

3.  For punitive damages; and

4.  To grant such other and further relief as the Court feels is just under the circumstances.

DATED this 8th day of June, 2022.

KEITH M. KNOWLTON, L.L.C.

/s/ Keith Knowlton

By: _____

Keith M. Knowlton
Attorney for Plaintiffs

16

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411761

**Plaintiff's Attorney:**

Keith M Knowlton

Bar Number: 011565, issuing State: AZ

Law Firm: Keith M. Knowlton, LLC

9920 S. Rural Road, Ste. 108 Pmb# 132

Tempe, AZ 85284

Telephone Number: (480)755-1777

Email address: keithknowlton@msn.com

**CV2022-092486**

**Plaintiff:**

Stephanie Stephens

9920 S. Rural Road, Ste. 108 Pmb# 132

Tempe, AZ 85284

**Defendants:**

Mike Faust

Department of Child Safety PO Box 6030 s/c c010-23

Phoenix, AZ 85005

Conchetta Oglesby

210 Polly Lane, Apartment 221

Lafayette, LA 70508

Spouse Oglesby

210 Polly Lane, Apartment 221

Lafayette, LA 70508

Clara Harwood

Avondale Office, Suit 100 965 E. Van Buren Street

Avondale, AZ 85323

Spouse Harwood

Avondale Office, Suit 100 965 E. Van Buren Street

Avondale, AZ 85323

Chantel Madson

8990 W. Peoria Ave., 2nd Floor

Peoria, AZ 85345

AZTurboCourt.gov Form Set #6889784

Spouse Madson
8990 W. Peoria Ave, 2nd Floor
Peoria, AZ 85345

State of Arizona
Office of the Attorney General 2005 N. Central Ave.
Phoenix, AZ 85004

Discovery Tier t3

Case Category: Other Civil Case Categories
Case Subcategory: 42 U.S.C. Sect. 1983

AZTurboCourt.gov Form Set #6889784

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411762

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),

v.

Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Keith M Knowlton /s/
    Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411763

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Mike Faust

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889784

2

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411764

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Conchetta Oglesby

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #6889784

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889784

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411765

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Spouse Oglesby

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #889784

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411766

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Clara Harwood

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411767

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Spouse Harwood

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889784

2

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411768

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Chantel Madson

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #689784

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889784

2

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411769

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),
v.
Mike Faust, et al.
Defendant(s).

Case No.  **CV2022-092486**

**SUMMONS**

To: Spouse Madson

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889784

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
6/8/2022 8:44:24 PM
Filing ID 14411770

Person/Attorney Filing: Keith M Knowlton
Mailing Address: 9920 S. Rural Road, Ste. 108 Pmb# 132
City, State, Zip Code: Tempe, AZ 85284
Phone Number: (480)755-1777
E-Mail Address: keithknowlton@msn.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011565, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Stephanie Stephens
Plaintiff(s),

v.

Mike Faust, et al.
Defendant(s).

Case No. **CV2022-092486**

**SUMMONS**

To: State of Arizona

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *June 08, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *DENISE HILL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6889784

| Office Distribution | **SUPERIOR COURT OF ARIZONA**<br>**MARICOPA COUNTY** | **\*\*FILED\*\***<br>08/17/2022<br>by Superior Court Admin<br>on behalf of Clerk of the<br>Superior Court |
|---|---|---|

08/13/2022            COURT ADMINISTRATION       Ct. Admin<br>Deputy

**Case Number:** CV2022-092486

**Stephanie Stephens**

**V.**

**State Of Arizona**

---

The Judge assigned to this action is the Honorable Rodrick J. Coffey

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 06/08/2022 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 09/06/2022. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2022-092486

| Party Name | Attorney Name | |
| --- | --- | --- |
| Stephanie Stephens | Keith M Knowlton | Bar ID: 011565 |

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
9/2/2022 2:37:09 PM
Filing ID 14795176

Mark Brnovich
Attorney General

Julie M. Rhodes (016313)
Deborah Garner (026161)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
Deborah.Garner@azag.gov
*Attorneys forDefendants*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| STEPHANIE STEPHENS, individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA; KASEY MIKE FAUST, Director Department of Child Safety, CONCHETTA OGLESBY and SPOUSE OGLESBY, husband and wife; CLARA HARWOOD and SPOUSE HARWOOD, husband and wife; CHANTEL MADSON and SPOUSE MADSON, husband and wife; and INDIVIDUALS, ENTITIES OR CORPORATION I-X,<br><br>Defendants. | Case No: CV2022-092486<br><br>**STIPULATION FOR PLAINITFF TO FILE A FIRST AMENDED COMPLAINT; DEFENDANTS HARWOOD AND MADSON TO ACCEPT SERVICE; AND 60 DAY DEADLINE FOR RESPONSIVE PLEADING**<br><br>(Interference with Parental Custody, Intentional Infliction of Emotion Distress, Malicious Prosecution, Negligent Supervision, Gross Negligence and Injunction)<br><br>(Assigned to the Hon. Rodrick Coffey) |

The parties hereto, by and through their respective undersigned counsel, hereby stipulate to the following:

1. Plaintiff shall file a First Amended Complaint no later than September 9, 2022.

2. Defendants Harwood and Madson agree to waive service and authorize their attorneys to accept service of process of the First Amended Complaint.

3.      The State of Arizona and Defendant Faust were served with the Complaint on August 22, 2022.  Attorneys for Defendants State of Arizona and Faust agree to accept service of the First Amended Complaint.

4.      No service of process agreements have been reached regarding Defendant Oglesby.

5.      Defendants responsive pleading shall be due 60 days from execution of the Acceptance and Waiver of Process.

The parties participated in a meet and confer on August 29, 2022.  During this conference, Defendants indicated their intent to file a Notice of Removal from State Court under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441 as well as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff requested the opportunity to amend her Complaint to correct minor errors and revise allegations, and both parties agreed resolving service issues of the First Amended Complaint was appropriate. This request is made in good faith and not for purposes of delay.   A proposed Order is submitted herewith.

RESPECTFULLY SUBMITTED this 2nd day of September, 2022.


MARK BRNOVICH
Attorney General


/s/ Julie M. Rhodes
Julie M. Rhodes
Assistant Attorneys General
*Attorneys forDefendants*

KEITH M. KNOWLTON, L.L.C.


/s/ Keith M. Knowlton (with permission)
Keith M. Knowlton
*Attorney for Plaintiff*

2

1    ORIGINAL filed via AZTurboCourt.com and
     COPIES e-served this 2nd day of September, 2022, to
2

3    Keith M. Knowlton
     Keith M. Knowlton, L.L.C.
4    9920 South Rural Road, Suite 108
     PMB# 132
5    Tempe, Arizona 85284-4100
     keithknowlton@msn.com
6    *Attorney for Plaintiff*

7
     *By /s/  Jose Munoz*
8    LMS22-0003 | G202120928-1 | #10595860

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
9/5/2022 8:18:28 AM
Filing ID 14799001

1  KEITH M. KNOWLTON, L.L.C.
   9920 S. Rural Road, Suite 108
2  PMB# 132
   Tempe, Arizona 85284-4100
3  (602) 692-6083
   FAX (480) 471-8956
4  Counsel for Plaintiff
   Keith M. Knowlton - SBN 011565
5  keithknowlton@msn.com

6

7              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                **IN AND FOR THE COUNTY OF MARICOPA**

9  STEPHANIE STEPHENS, individual,              Case No: CV2022-092486

10             Plaintiff,

11     vs.                                       **AMENDED UNOPPOSED MOTION
                                                  TO EXTEND SERVICE OF
12  STATE OF ARIZONA; KASEY MIKE                  PROCESS DEADLINE**
    FAUST, Director Department of Child
13  Safety, CONCHETTA OGLESBY and
    SPOUSE OGLESBY, husband and wife;
14  CLARA HARWOOD and SPOUSE              (Assigned to the Hon. Rodrick Coffey)
    HARWOOD, husband and wife;
15  CHANTEL MADSON and SPOUSE
    MADSON, husband and wife; and
16  INDIVIDUALS, ENTITIES OR
    CORPORATION I-X,
17
               Defendants.
18

19         Plaintiff has served all Defendants or has an agreement to waive service of process

20  and for Defendants Counsel to accept service regarding all Defendants but Defendant

21  Oglesby.  See Stipulation Filed with the Court on September 2, 2022, Form Set # 7162541.

22  However, Defendants Counsel will not accept service of process for Defendant Oglesby

23  whose location is currently unknown. *Id*.

24         Plaintiff located Defendant Conchetta Oglesby in Lafayette, LA for service of the

25  Notice of Claim. However, since then Defendant Oglesby has moved to whereabouts

26  unknown. Plaintiff's investigator is attempting to locate a forwarding address through the

27  Postmaster but this process will take an additional two weeks.  Plaintiff needs an additional

28  thirty (30) days to locate out of state Defendant Oglesby.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Further, per the stipulation of the parties, Plaintiff will be filing an Amended Complaint on September 9, 2022.  Defendants Harwood and Madson agree to waive service and authorize their attorneys to accept service of process of the First Amended Complaint when filed and it is agreed that Counsel for Defendants State of Arizona and Faust will accept service of the First Amended Complaint when filed.  Defendants responsive pleading shall be due 60 days from execution of the Acceptance and Waiver of Process.  Thus, there is no prejudice for this extension to locate Oglesby.

Defendants' Counsel does not oppose this extension of time to locate and serve Oglesby.  This extension will allow the filing of the Amended Complaint and to get the executed Acceptance and Waiver of Process filed with the Court after the filing of the First Amended Complaint.

WHEREFORE, for the reasons set forth above, Plaintiff requests the Court extend the service of process deadline in this case for thirty (30) days from September 6, 2022.

RESPECTFULLY SUBMITTED this 5th day of September, 2022.

KEITH M. KNOWLTON, L.L.C.


/s/ Keith Knowlton
Keith M. Knowlton
*Attorney for Plaintiff*

2

1
2

ORIGINAL filed via AZTurboCourt.com and
COPIES e-served this 5th day of September, 2022, to

3

Mark Brnovich
Attorney General

4

Julie M. Rhodes (016313)

5

Deborah Garner (026161)
Assistant Attorney General

6

2005 North Central Avenue

7

Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612

8

Fax: (602) 542-3393

9

DefensePhx@azag.gov
Julie.Rhodes@azag.gov

10

*Attorneys for Defendants*

11

*By /s/  Keith Knowlton*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
9/5/2022 8:04:05 AM
Filing ID 14798996

1   KEITH M. KNOWLTON, L.L.C.
    9920 S. Rural Road, Suite 108
2   PMB# 132
    Tempe, Arizona 85284-4100
3   (602) 692-6083
    FAX (480) 471-8956
4   Counsel for Plaintiff
    Keith M. Knowlton - SBN 011565
5   keithknowlton@msn.com

6
7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9   STEPHANIE STEPHENS, individual,              Case No: CV2022-092486

10               Plaintiff,
                                                 **UNOPPOSED MOTION TO**
11      vs.                                      **EXTEND SERVICE OF PROCESS**
                                                 **DEADLINE**
12  STATE OF ARIZONA; KASEY MIKE
    FAUST, Director Department of Child
13  Safety, CONCHETTA OGLESBY and
    SPOUSE OGLESBY, husband and wife;
14  CLARA HARWOOD and SPOUSE              (Assigned to the Hon. Rodrick Coffey)
    HARWOOD, husband and wife;
15  CHANTEL MADSON and SPOUSE
    MADSON, husband and wife; and
16  INDIVIDUALS, ENTITIES OR
    CORPORATION I-X,
17
                 Defendants.
18
19          Plaintiff has served all Defendants or has an agreement to waive service of process

20  and for Defendants Counsel to accept service regarding all Defendants but Defendant

21  Oglesby.   See Stipulation Filed with the Court on September 2, 2022, Form Set # 7162541.

22  However, Defendants Counsel will not accept service of process for Defendant Oglesby

23  whose location is currently unknown. *Id.*

24          Plaintiff located Defendant Conchetta Oglesby in Lafayette, LA for service of the

25  Notice of Claim. However, since then Defendant Oglesby has moved to whereabouts

26  unknown. Plaintiff's investigator is attempting to locate a forwarding address through the

27  Postmaster but this process will take an additional two weeks.  Plaintiff needs an additional

28  thirty (30) days to locate out of state Defendant Oglesby.

Further, per the stipulation of the parties, Plaintiff will be filing an Amended Complaint on September 9, 2022.  Defendants Harwood and Madson agree to waive service and authorize their attorneys to accept service of process of the First Amended Complaint when filed and it is agreed that Counsel for Defendants State of Arizona and Faust will accept service of the First Amended Complaint when filed.  Defendants responsive pleading shall be due 60 days from execution of the Acceptance and Waiver of Process.  Thus, there is no prejudice for this extension to locate Oglesby.

Defendants' Counsel does not oppose this extension of time to locate and serve Oglesby.  This extension will allow the filing of the Amended Complaint and to get the executed Acceptance and Waiver of Process filed with the Court after the filing of the First Amended Complaint.

WHEREFORE, for the reasons set forth above, Plaintiff requests the Court extend the service of process deadline in this case for thirty (30) days from September 6, 2022.

RESPECTFULLY SUBMITTED this XX day of August, 2022.

KEITH M. KNOWLTON, L.L.C.


*/s/ Keith Knowlton*
Keith M. Knowlton
*Attorney for Plaintiff*

**Commented [GD1]:** Not sure if this is necessary – feel free to delete

2

ORIGINAL filed via AZTurboCourt.com and
COPIES e-served this 5th day of September, 2022, to

Mark Brnovich
Attorney General

Julie M. Rhodes (016313)
Deborah Garner (026161)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
*Attorneys for Defendants*

*By /s/  Keith Knowlton*

3

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
9/12/2022 9:45:59 AM
Filing ID 14828425

| | |
|---|---|
| **Person Filing:** | **JULIE M. RHODES** |
| **Address:** | **2005 N CENTRAL AVE** |
| **City, State, Zip:** | **PHOENIX AZ 85007-2926** |
| **State Bar:** | **016313** |

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| STEPHANIE STEPHENS | ) | **CREDIT MEMO** |
| | ) | |
| vs | ) | |
| | ) | **CASE NO. CV2022-092486** |
| STATE OF ARIZONA | ) | |

**RECEIVED FROM:**   **JULIE RHODES**          DATE RECEIVED:   **9/02/2022**

PAYMENT FOR:     STATE OF ARIZONA, KASEY MIKE FAUST, CONCHETTA OGLESBY, CLARA HARWOOD, AND CHANTEL MADSON

**PAYMENT IS FOR THE FOLLOWING:**

- ☐ 600
- ☐ JUDGMENT DEBTOR EXAM
- ☒ ANSWER/APPEARANCE
- ☐ OPEN NEGOTIATION
- ☐ OTHER:

- ☐ TRANSMITTAL FEE FOR CHANGE OF VENUE
- ☐ INTERVENOR
- ☐ MEDIATION
- ☐ PARENTING CONFERENCE FEE

AMOUNT PAID:     $245          CO-CHARGE

RECEIPT#28929738     CLERK NAME: HAYS, T

**HOW PAID**

- ☐ CASH:
- ☐ BUSINESS CHECK        CHECK#      BANK NAME:
- ☐ MONEY ORDER
- ☐ MASTER CARD   ☐ VISA   ☐ AMERICAN EXPRESS

Docket Code
CME/CAN

Clerk of the Superior Court
*** Electronically Filed ***
09/14/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-092486                                    09/13/2022

                                         CLERK OF THE COURT
HONORABLE RODRICK COFFEY               C. Avena
                                              Deputy


STEPHANIE STEPHENS                    KEITH M KNOWLTON

v.

STATE OF ARIZONA, et al.              JULIE M RHODES



                                      JUDGE COFFEY



**ORDER SIGNED**
**MINUTE ENTRY**


    **IT IS ORDERED** approving the *Order,* all in accordance with the formal written Order signed by the Court on September 9, 2022 and entered (filed) by the clerk on September 13, 2022.

    **Please note**:  The Court has signed a hard-copy version of the order provided with an electronically filed pleading.  Therefore, copies of the order and self-addressed, stamped envelopes were not available for mailing to the parties.  Copies of this order may be obtained through AZTurboCourt.gov and from the Customer Service Center located at 601 W. Jackson St., Phoenix, AZ 85003 once the order has been scanned and docketed by the Clerk of Court.


Docket Code 022                    Form V000A                         Page 1

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
9/9/2022 2:45:52 PM
Filing ID 14824286

KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiff
**Keith M. Knowlton - SBN 011565**
keithknowlton@msn.com

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Stephanie Stephens, individual, ) | CV2022-092486 |
| ) | |
| Plaintiff, ) | FIRST AMENDED COMPLAINT |
| vs. ) | |
| ) | (Wrongful Prosecution of a Civil Action; |
| State of Arizona; Kasey Mike Faust, Director ) | Negligent Hiring, Retention or Supervision; |
| Department of Child Safety, Conchetta Oglesby ) | Intentional Interference with Parental Custody |
| and Spouse Oglesby, husband and wife; Clara ) | of a Child; Negligence; and 42 U.S.C. § 1983, |
| Harwood and Spouse Harwood, husband and ) | Interference with Parental Custody) |
| wife; Chantel Madson and Spouse Madson, ) | |
| husband and wife; and INDIVIDUALS, ) | |
| ENTITIES OR CORPORATION I-X, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Stephanie Stephens, as and for her First Amended Complaint against

Defendants, alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Plaintiff Stephanie Stephens (aka Kovacs) (hereafter referred to as

"Plaintiff" or "Stephens") at all times mentioned herein resided in Maricopa County,

Arizona.

2.     At all times relevant to this Complaint, "Child 1" and "Child 2" are minor

children of Stephanie and are referred to as Child 1 and or 2 in the Complaint to

protect the children's identity.

3.     Defendant State of Arizona is a body politic of the United States of

America.  The State of Arizona caused events to occur that are the subject of this

complaint through the Department of Child Safety ("DCS").  DCS is a non-jural entity of the State of Arizona.

4.   Defendant Mike Faust ("Faust") at all times relevant to this complaint is and was the Director of DCS and caused events to occur out of which this complaint arose.

5.  Defendant Conchetta Oglesby, DCSS ("Oglesby"), Clara Harwood, DCSS ("Harwood") and Chantel Madson, DCSS "Madson") (collectively referred to as "Individual Defendants" are DCS case workers or supervisors involved with Child 1, Child 2 and Plaintiff and at the time were employees of the State of Arizona (through DCS) and caused events to occur in Maricopa County, Arizona out of which this complaint arose.

6.   Each and every Individual Defendant, including Faust is being sued for their conduct and not because of the position they hold.

7.   At all times mentioned herein, each individual Defendant was acting within the course and scope of employment when they caused events to occur in Arizona out of which this Complaint arose.

8.   Upon information and belief the above Individual Defendants, other than Faust are married and the names of their husbands and/or wives are unknown and therefore listed as Spouse.

9.   Upon information and belief the alleged acts of the above individual Defendants  were done for the benefit of the marital community and therefore Plaintiff will amend the Complaint to include the names of any of the spouses prior to trial of this matter.  This allegation only applies to pendent state tort claims and not to claims raised under 42 U.S.C. § 1983.

10.   Proper notice of claim has been given pursuant to all relevant statutory provisions applicable in Arizona.

11.   A JURY TRIAL IS REQUESTED.

**SUMMARY**

12.    Defendants, intentionally and with malice, pursued a dependency petition to take custody of Child 1 and Child 2 from Plaintiff without reasonable cause (probable cause) or just basis. Defendant Oglesby, Harwood and Madson's knowingly and maliciously withheld material information from Judge Rodney Mitchell and the Juvenile Court to obtain physical custody of the children and to maintain a probable cause and dependency ruling from the Juvenile Court Judge taking Child 1 and Child 2 from Plaintiff's custody and control.  Further, Defendants knowingly, intentionally and at a minimum maliciously refused to investigate the manipulation and coercion of the children by their father to bring false allegations against Stephanie and her significant other Joel Hanger to take the children away from Stephanie.

**FACTUAL ALLEGATIONS**

13.    Plaintiff incorporate all the above paragraphs as though fully set forth herein.

14.    Plaintiff is the parent of Child 1 and Child 2 who at all relevant times are minors.

15.    At all relevant times, Stephanie was in a family court custody battle with her ex-husband Demetrius Kovacs ("Father") in FC 2017-002028.

16.    On February 14, 2020, Judge Blaney on his own motion entered temporary orders because of his concern that Father was manipulating the children to alienate the children away from Stephanie.

17.    He specifically ruled that Father "has worked to alienate the children away from Mother and that Father's actions create a risk to the children's mental and emotional wellbeing.  Father's efforts have been largely successful to this point – the children do not respect their mother and they refuse to participate in parenting time with their mother.  The Court must take action to begin to counteract the effects of Father's inappropriate actions."

18.    March 30th, 2020, Stephanie was awarded by the family Court physical custody of the minor children to Stephanie.

19.    Oglesby was aware Father was not returning the children to Mother and was avoiding service of process.

20.    On April 9, 2020, Oglesby submitted a Declaration to the Maricopa County Superior Court Judge Rodney Mitchell, pursuant to A.R.S. §8-821(A) for an order to take custody away from Stephanie of Child 1 and Child 2 ("Minor Children").

21.    There was no mention in the Declaration that Father was alienating the Children against Stephanie and potentially was coercing the children to make false allegations against Stephanie.

22.    The Declaration for Ex-Parte Removal of Children, signed by Oglesby contained one or more misrepresentations or omissions material to the finding of probable cause to take custody of the children away from Stephanie and Oglesby made those misrepresentations or omissions either intentionally or with reckless disregard for the truth.

23.    The material misrepresentations or omissions include the following.

24.    Oglesby asserted father obtained an order of protection against mother's alleged stalking and the allegation that mother's significant other "brandishing a weapon." Even though Oglesby document law enforcement found the allegations to be unfounded, She did not inform the Court the Superior Court on April 9, 2020, after an evidentiary hearing dismissed the Order of Protection.

25.    In July of 2019, the Family Court Judge was aware of the allegations by Father that the Children were fearful of and abused by Joel and personally interviewed each Child. The Family Court Judge did not find that the statements of the Children were credible and maintained current parenting time. This also was not included in the Declaration.

26.     On September 4, 2019 there was an allegation that mother's significant other touched Crea inappropriately, even though Oglesby stated the report was unsubstantiated, she asserted the family Court gave Father temporary residential custody as a result. What she did not say was that the Family Court had already found that "Father has worked to alienate the children away from Mother and that Father's actions create a risk to the children's mental and emotional wellbeing. Father's efforts have been largely successful to this point - the children do not respect their Mother and they refuse to participate in parenting time with their Mother. The Court must take action to begin to counteract the effects of Father's inappropriate actions."

27.     Further she did not inform the Judge that the Family Court granted Mother physical custody of the minor children because of the above and because Father was hiding the children from Mother and was avoiding service.

28.     Oglesby and DCS at no time provided services for the minor children to determine the impact of Fathers manipulation of the children to make false allegations of fear and concern about living with Mother and Joel as found by the Family Court Judge on July 9, 2019.

29.      On April 9, 2020, the Superior Court Judge Rodney Mitchell signed an order based on the Declaration authorizing the Department of Child Safety, ("DCS") to remove the Children from Stephanie's and Father's custody and control.

30.     On April 14, 2020, Defendants and DCS filed a Dependency Petition in the Juvenile Court based on the Declaration and Verification of Oglesby, which was signed off on by Harwood her supervisor, without any mention of alienation, manipulation, coaching and/or coercion by Father.

31.     In the April 17, 2020 Report filed with the Juvenile Court, Oglesby and Harwood stated at page 3 "during the visits, the children appeared coached to lie to the Department."

32.     May 6, 2020 the Children were found in Florida and taken into custody by DCS.  At this time Father was arrested.

33.     Before pursuing Dependency, a forensic interview of the Children by trained interviewers should have taken place before seeking to take custody of the Children from Stephanie.

34.     At the Dependency hearing, on the stand and under oath, Oglesby admitted it had crossed her mind that Father was coaching the girls to make the allegations against Stephanie.

35.     Stephanie vehemently denied all allegations DCS made against her and asserted the facts, that all allegations against Joel were false, and that the children were being coached and manipulated by Father as found by the Court.

36.     The key facts to the Order to take custody of the children and the Dependency Petition was that Stephanie did not believe the allegations asserted against her and Joel by her Children were true.  Oglesby, Madson and Harwood argued that Stephanie was not protecting her children because Stephanie did not believe them.

37.     Oglesby, Madson and Harwood did not conduct a forensic interview of the Children to determine if the stories were made up or true, especially since the Family Court Judge had interviewed the children and found those allegations were not true.

38.     Oglesby, Madson and Harwood refused to do this even though they had reviewed the ruling from the Family Court Judge finding that the Father was manipulating the Children to alienate the Children from Stephanie and did so with great effect.

39.     Oglesby, Harwood and Madson rejected any concern of manipulation or coaching and rather than determining the truthfulness of the allegations made by the Children, filed Dependency because Stephanie felt the children were not being truthful

and were being coached by Father into making the allegations.  All of which turned out to be true.

40.     The dependency adjudication was held on July 9, 2020. The Juvenile Court Judge found that dependency existed as to Stephanie, for both children. Stephanie timely appealed.

41.     On October 29, 2020, the Juvenile Court issued an Order making specific dependency findings.

42.     Stephanie's appeal continued and the Juvenile Court's dependency findings were affirmed by the Court of Appeals on April 22, 2021.

43.     Stephanie then filed a petition for review with the Supreme Court of Arizona.

44.     Madson replaced Oglesby on June 29, 2020.  She reviewed the file and met with Oglesby.  She agreed with Oglesby and refused to consider that the fearful allegations were the result of manipulation, coercion or coaching by Father.  She so testified at the Dependency hearing.

45.     On March 10, 2021, DCS submitted a Court Report prepared by a new case worker Jeff Smith approved by a new supervisor, Connie Moore.

46.     The Court Report provided new information which was not available during the dependency adjudication in July of 2020.

47.     The Children disclosed that they were coached by Father to tell egregious lies about Stephanie and Joel.

48.     The Court Report cast doubt on the evidence provided to Judge Mitchell to take custody and the Juvenile Court at the dependency adjudication on July 9, 2020.

49.     During the Report and Review hearing on March 12, 2021, the Juvenile Court found that it was "harmful for Father to have contact with the children based on Father's coaching the children to make malicious allegations against the Mother and her significant other, which could affect the children's mental health."

50. Visitation with Father was suspended due to the potential harm to the children.

51. Oglesby, Madson and Harwood refused to consider the allegations were the result of Father's coercion because they did not want to pursue such claims against Father and felt he was safer for the Children to live with than Stephanie and Joel. They were biased.

52. Stephanie successfully participated in all services and worked with the Family Reunification Team.  Unsupervised visitation between Stephanie and Child 1 and Child 2 started in March of 2021.

53. Child 1 returned to Mother's home on April 21, 2021, and the case was involving Child 1 dismissed on April 23, 2021.

54. Child 2's visits in March/April 2021 went well, and Child 2 voiced her desire to return home.

55. The dependency was terminated by the Juvenile Court effective June 22, 2021.

56. On 7/15/2021, the Juvenile Court Judge Whitten vacated the reasons for his finding of dependency regarding the Children.

57. Judge Whitten had Stephanie's Motion for Reconsideration/Motion to Set Aside Dependency Finding" filed on June 3, 2021 and DCS's response, filed on June 18, 2021.

58. When the motion was filed, Mother's appeal remained pending, so the Juvenile Court lacked jurisdiction to consider the motion. It was therefore denied, with the Court indicating it would consider the motion based upon the previously filed pleadings if re-urged after Stephanie's appeal was withdrawn.

59. On July 12, 2021 Stephanie filed a notice that her appeal had been withdrawn and asking the Court to take up her June 3, 2021 motion:

8

60.     "On July 9, 2020 the Juvenile Court found Mother's two children to be dependent children, based almost exclusively on their complaints of abuse by Mother's boyfriend and Mother's failure [to] respond appropriately to protect the girls from that abuse.

61.     After more than nine months, just before the Report and Review Hearing on March 12, 2021, both girls revealed that Father had coached them to make up false allegations against Mother's boyfriend. They told the case manager that none of the abuse allegations which formed the basis of the July 9, 2020 dependency were true…."

62.     "Mother now seeks to purge the record of the judicial finding that her children were dependent – that she was not able and willing to exercise proper care and control of them. The Court has review[ed] the evidence which lead to its July 9, 2020 dependency finding. The Department correctly points out that there were other, much less serious, allegations raised in the initial reports. The question, then, is whether the Court would have ever found a dependency on the record that existed on July 9, 2020 without the problems created by Father encouraging the children to falsely accuse Mother's boyfriend of abuse."  "It certainly would not have."

63.     "While life was not perfect in Mother's home before the false allegations were made, it was not one lacking a parent who was capable of and willing to exercise proper care and control of the children."

64.     "ACCORDINGLY, Mother's Motion for Reconsideration/Motion to Set Aside Dependency Finding is granted and the Court's order that the children were ever dependent as to Mother is vacated."

65.     Oglesby, Madson and Harwood were well aware of Fathers manipulation, coercion, alienation of the Children and failed to include this information in the Dependency Petition and failed to take any action to determine the truthfulness of the allegations before or after taking the children into custody.

9

## COUNT ONE
## WRONGFUL PROSECUTION OF A CIVIL ACTION

66.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

67.     The Individual Defendants and each of them instituted the dependency action and acted as the complaining witnesses in the dependency action against Plaintiffs.

68.     The dependency proceedings were motivated by malice.

69.     The fact that there was no probable cause or reasonable basis to take custody of Child 1 or Child 2 and to pursue dependency infers malice.

70.     As found by the Juvenile Court Judge, the dependency proceeding was begun without probable cause or reasonable basis.

71.     The dependency action ultimately was terminated in Plaintiffs favor.

72.     As a result of the CPS Individual Defendants actions alleged above, Plaintiff suffered damages, including but not limited to temporary loss of custody of minor Child 1 and Child 2, injury to Stephens' reputation, loss of time with the minor children and mental and emotional distress, all in an amount to be determined at trial.

73.     Plaintiff is entitled to punitive damages to the extent the CPS Individual Defendants acted outside the course and scope of their employment.

74.     The State of Arizona is respondeat superior liable for the acts of the Individual Defendants.

75.     Malice is "a wish to vex, annoy or injure another person, or intent to do a wrongful act, established either by proof or presumption of law." A.R.S. § 1-215(20).

76.     A.R.S. § 8-805 specifically allows civil litigation against those who maliciously participate in the dependency process.

10

77.     A person who maliciously provides false or misleading information to the Juvenile Court should not escape liability for their conduct because the Juvenile Court relied upon that false or misleading information in finding dependency.

78.     A.R.S. §8-805 allows civil accountability for those who malicious instituted the dependency process and/or maliciously provided the false or misleading evidence to the Juvenile Court to obtain the dependency ruling.

79.     Such a civil action is seeking accountability for those who maliciously injure a parent, child and family in the dependency process and accountability is part of the checks and balances to assure the integrity of the dependency process.

80.     The State of Arizona is respondeat superior liable for the acts of Defendants.

81.     Because of the prior history between Plaintiff and her significant other and the Individual Defendants, Defendants refused to consider and take action to determine whether the children had been manipulated by Father to make false allegations of abuse and fear against Stephanie and Joel.

82.     The Individual Defendants were aware of the rulings of the Family Court Judge that Father was alienating the children against mother, the family needed intense counseling as a result and the allegations of abuse of the minor children by Joel were not true and did not inform Judge Mitchell of these facts before seeking a custody order and did not provide this information to the Juvenile Court Judge on Dependency.

83.     The first time a DCS case worker who was not already biased interviewed the children he discovered the truth that father had manipulated the children to make false allegations of abuse against Stephanie and Joel.

**COUNT TWO**
**NEGLIGENT HIRING, RETENTION OR SUPERVISION**

11

84.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

85.     The State of Arizona conducts its supervision of children taken into custody by the State through its employees at DCS.  The State of Arizona, through DCS and its director Mike Faust was negligent in the supervision of the tortuous and unconstitutional actions of the Individual Defendants and their supervisors as set forth in this complaint, which where all employees of the State of Arizona and or alternatively, DCS failed to properly train and supervise its employees.\

86.     Further, the State of Arizona and/or Mike Faust was negligent in permitting or failing to prevent the tortuous and unconstitutional acts set forth in this Complaint by the other Individual Defendants.

87.     The Individual Defendants and their supervisors are not trained by DCS to assure that probable cause actually exists before taking a child into temporary custody and in this case, Defendants acted on a report alone made from a source they knew at the time was a non-credible source.

88.     The State of Arizona and/or Faust caused damage to Plaintiff in an amount to be proven at trial.

89.     The State of Arizona is respondeat superior liable for the acts of Defendant Faust.


**COUNT THREE**
**INTENTIONAL INTERFERRENCE WITH PARENTAL CUSTODY OF A CHILD**


90.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

91.     The Individual Defendants and each of them conspired and agreed together to deprive Plaintiff of custody and control of Child 1 and/or Child 2 ("Minor Children") .

92.     The Individual Defendants intentionally interfered with Plaintiff's Custody of the Minor Children.

93.     The Individual Defendants took custody of the Minor Children without probable cause or reasonable justification.

94.     The Individual Defendants and each of them acted with malice.

95.     Malice is inferred by the lack of reasonable basis and/or probable cause to take the Minor Children into temporary emergency custody.

96.     As a result of Defendants actions alleged above, Plaintiff suffered damages including but not limited to alienation of affection, loss of companionship and custody of the Minor Children, injury to Stephen's reputation and endured mental and emotional distress, all in an amount to be determined at trial.

97.     The Individual Defendants' actions proximately caused damage to Plaintiffs in an amount to be proven at trial.

98.     Plaintiff is entitled to Punitive Damages to the extent the CPS Individual Defendants acted outside the course and scope of their employment.

99.     The State of Arizona is respondeat superior liable for the acts of Defendants.

## COUNT FOUR
## NEGLIGENCE

100.    Plaintiff incorporates herein by this reference all proceedings paragraphs of the Complaint.

101.    The Individual Defendants had a duty not to seek custody and to interfere with the parental custody and parental relationship of Plaintiff with the Minor Children

without probable cause and to seek by Declaration to obtain a order from a Judge to take custody of a minor child from parents by judicial deception.

102.    CPS Individual Defendants were grossly negligent and acted with malice in taking custody of the Minor Children based on allegations they knew came from a non-credible source without first obtaining some substantiation of the allegations.

103.    The Individual Defendants had a duty to investigate and only take action temporary custody of the Minor Children if they had credible evidence that the Minor Children wellbeing would be at risk in Plaintiffs care.

104.    The gross negligence of the Individual Defendants has proximately caused Plaintiff injury and damage in an amount to be proven at trial.

105.    The State of Arizona is respondeat superior liable for the acts of the CPS Individual Defendants.

**COUNT FIVE**
**INTERFERRENCE WITH PARENTAL CUSTODY**
**(42 U.S.C. § 1983)**

106.    Plaintiffs incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

107.    Parents and children possess a constitutionally protected liberty interest in companionship and society with each other.

108.    The state's interference with such liberty interest without due process of law is cognizable under 42 U.S.C. § 1983.

109.    A parent's right implicates both a custodial and a companionship interest, either of which, when interfered with by the state, gives rise to a cognizable Fourteenth Amendment due process claim.

110.    A claim of interference with the parent/child relationship may be brought as either a procedural due process claims or a substantive due process claim.

111.    Whether a claim is procedural or substantive depends on whether the state action was "for the purpose of furthering legitimate state interests." "When the state has a legitimate interest in interfering with a parent-child relationship, for example, where the best interests of the child arguably warrant termination of the parent's custodial rights, the state may legitimately interfere so long as it provides 'fundamentally fair procedures.'"

112.    Conversely, when the interference was "for the purposes of oppression," the substantive due process analysis applies.

113.    Procedural due process claims typically arise when a state official removes a child from her parent's care. For such claims, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."  This right is violated if the removal is done without either a court order or "reasonable cause to believe that the child is in imminent danger of serious bodily injury." Generally, this inquiry will be "equivalent" to an examination of the child's Fourth Amendment rights.

114.    Under the Fourth Amendment, seizing a child without a warrant is excusable only when officials "have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant.

115.    The Fourth Amendment prohibits a search conducted pursuant to an ill begotten or otherwise invalid warrant.

116.    The order authorizing DCS to take custody of the minor children from Stephany was invalid because it was obtained through the intentional or reckless omission of facts required to prevent technically true statements in the affidavit from being misleading.

117.   Regarding a claim for Fourth Amendment judicial deception, Plaintiff need not establish specific intent to deceive the issuing court. Rather, Plaintiff must (1) establish that the affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a "substantial showing" that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth.

118.   Substantive due process claims typically involve egregious conduct. Official conduct only violates substantive due process when it "shocks the conscience." Whether an official's conduct "shocks the conscience" is governed by he "purpose to harm" standard or the "deliberate indifference" standard.

119.   To determine which of the two standards govern, the critical consideration is whether the circumstances are such that actual deliberation by the officer is practical. "Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience.

120.   On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives.

121.   Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result.

122.   Parents have a constitutional right to the care and custody of their children.

123.   The state may remove a child from the parents' custody only if there is probable cause to believe the child is subject to immediate or apparent harm or danger.

124.   Probable cause must be based on reasonably trustworthy information.

125.  The Fourth Amendment mandates DCS and/or the Individual Defendants must obtain an order of the Court authorizing DCS to take custody of the minor child.

126.  It has been well established that a police officer cannot ignore exculpatory evidence if a reasonable police officer would conclude that probable cause had not yet been established by the untrustworthy information then available.

127.  In committing the above referenced actions and/or omissions, the Individual Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of  Plaintiff's rights to have custody and companionship of the Minor children by Judicial Deception under the Fourth and/or Procedural Due Process violation under the Fourteenth Amendment to the United States Constitution, by intentionally or in reckless disregard of the truth, made one or more material misrepresentations or omissions in a Declaration for Ex-Parte Removal of a Child under A.R.S. § 8-821(A) and the Dependency Petition, submitted to a judge to obtain an order for removal of the Minor Children from Plaintiff's custody and companionship.

128.  Alternatively, the Individual Defendants violated Plaintiffs substantive Due Process Rights under the Fourteenth Amendment to the United States Constitution by taking temporary custody of the Minor Children through Deliberate indifference, i.e., conscious or reckless disregard of the consequences of one's acts or omissions which shocks the conscience.

129.  The Individual Defendants acts in interfering with the custody of the Minor children was done without probable cause or reasonable basis, thereby violating Plaintiffs fundamental constitutional rights and thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

130.  This taking injured Plaintiffs fundamental constitutional right to maintain custody and control of her Minor Children absent probable cause or reasonable basis to conclude immediate need to protect the child from abuse or neglect.

131. The Individual Defendants and each of them conspired to and agreed together to deprive Plaintiff of custody of the Minor Children without probable cause or reasonable basis.

132. Upon information and belief, the Individual Defendants did so intentionally and with malice because Plaintiff asserted the wrongful acts were being caused by Father and not Mother.

133. The Individual Defendants acted pursuant to policy, practice, procedure, custom, direction and/or ratification of DCS chief executive officer Faust and thereby the State of Arizona.

134. As a matter of policy, practice, procedure and/or custom at DCS, the Individual Defendants did not take the minor children into temporary custody without the blessing and direction of other supervisors and the Regional Administrative Program Manager.

135. Pursuant to 42 U.S.C. § 1983, the Individual Defendants are liable to Plaintiff for the above-described violations of Plaintiffs Constitutional rights.

136. Plaintiff are entitled to all rights, remedies, in law or in equity, available to them under 42 U.S.C. § 1983.

137. Plaintiff has suffered the loss of custody and time with the Minor Children, suffered humiliation and degradation and injury to her reputation because of Defendants' Unconstitutional acts.

138. Plaintiff is entitled to recover her reasonable costs and attorney's fees under 42 U.S.C. § 1983.

139. Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants and each of them as follows:

1. For compensatory and consequential damages;

2. For attorney's fees and costs;

3. For punitive damages; and

4. To grant such other and further relief as the Court feels is just under the circumstances.

DATED this 9th day of September, 2022.

KEITH M. KNOWLTON, L.L.C.

/s/ Keith Knowlton
By: _____
Keith M. Knowlton
Attorney for Plaintiffs

Original filed with the Court
And a copy e-mailed this
9th day of September 2022 to:

Anne M. Orcutt
Struck Love Boianowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, Az 85226
AOrcutt@strucklove.com
Attorney for Defendants

/s/ Keith Knowlton
_____

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
9/9/2022 10:16:38 PM
Filing ID 14826376

1
2
3
4
5

KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiff
**Keith M. Knowlton - SBN 011565**
keithknowlton@msn.com

6
7

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

8
9
10
11
12
13
14
15

| | |
|---|---|
| Stephanie Stephens, individual,<br><br>                    Plaintiff,<br>vs.<br><br>State of Arizona; Kasey Mike Faust, Director Department of Child Safety, Conchetta Oglesby and Spouse Oglesby, husband and wife; Clara Harwood and Spouse Harwood, husband and wife; Chantel Madson and Spouse Madson, husband and wife; and INDIVIDUALS, ENTITIES OR CORPORATION I-X,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV2022-092486

FIRST AMENDED COMPLAINT

(Wrongful Prosecution of a Civil Action; Negligent Hiring, Retention or Supervision; Intentional Interference with Parental Custody of a Child; Negligence; and 42 U.S.C. § 1983, Interference with Parental Custody)

16
17

Plaintiff, Stephanie Stephens**,** as and for her First Amended Complaint against

Defendants, alleges as follows:

18

### JURISDICTIONAL ALLEGATIONS

19
20
21

1.       Plaintiff Stephanie Stephens (aka Kovacs) (hereafter referred to as

"Plaintiff" or "Stephens") at all times mentioned herein resided in Maricopa County,

Arizona.

22
23
24

2.       At all times relevant to this Complaint, "Child 1" and "Child 2" are minor

children of Stephanie and are referred to as Child 1 and or 2 in the Complaint to

protect the children's identity.

25
26

3.       Defendant State of Arizona is a body politic of the United States of

America.  The State of Arizona caused events to occur that are the subject of this

complaint through the Department of Child Safety ("DCS").  DCS is a non-jural entity of the State of Arizona.

4.      Defendant Mike Faust ("Faust") at all times relevant to this complaint is and was the Director of DCS and caused events to occur out of which this complaint arose.

5.  Defendant Conchetta Oglesby, DCSS ("Oglesby"), Clara Harwood, DCSS ("Harwood") and Chantel Madson, DCSS "Madson") (collectively referred to as "Individual Defendants" are DCS case workers or supervisors involved with Child 1, Child 2 and Plaintiff and at the time were employees of the State of Arizona (through DCS) and caused events to occur in Maricopa County, Arizona out of which this complaint arose.

6.      Each and every Individual Defendant, including Faust is being sued for their conduct and not because of the position they hold.

7.      At all times mentioned herein, each individual Defendant was acting within the course and scope of employment when they caused events to occur in Arizona out of which this Complaint arose.

8.      Upon information and belief the above Individual Defendants, other than Faust are married and the names of their husbands and/or wives are unknown and therefore listed as Spouse.

9.      Upon information and belief the alleged acts of the above individual Defendants  were done for the benefit of the marital community and therefore Plaintiff will amend the Complaint to include the names of any of the spouses prior to trial of this matter.  This allegation only applies to pendent state tort claims and not to claims raised under 42 U.S.C. § 1983.

10.      Proper notice of claim has been given pursuant to all relevant statutory provisions applicable in Arizona.

11.      A JURY TRIAL IS REQUESTED.

**SUMMARY**

12.     Defendants, intentionally and with malice, pursued a dependency petition to take custody of Child 1 and Child 2 from Plaintiff without reasonable cause (probable cause) or just basis. Defendant Oglesby, Harwood and Madson's knowingly and maliciously withheld material information from Judge Rodney Mitchell and the Juvenile Court to obtain physical custody of the children and to maintain a probable cause and dependency ruling from the Juvenile Court Judge taking Child 1 and Child 2 from Plaintiff's custody and control.  Further, Defendants knowingly, intentionally and at a minimum maliciously refused to investigate the manipulation and coercion of the children by their father to bring false allegations against Stephanie and her significant other Joel Hanger to take the children away from Stephanie.

**FACTUAL ALLEGATIONS**

13.     Plaintiff incorporate all the above paragraphs as though fully set forth herein.

14.     Plaintiff is the parent of Child 1 and Child 2 who at all relevant times are minors.

15.     At all relevant times, Stephanie was in a family court custody battle with her ex-husband Demetrius Kovacs ("Father") in FC 2017-002028.

16.     On February 14, 2020, Judge Blaney on his own motion entered temporary orders because of his concern that Father was manipulating the children to alienate the children away from Stephanie.

17.     He specifically ruled that Father "has worked to alienate the children away from Mother and that Father's actions create a risk to the children's mental and emotional wellbeing.  Father's efforts have been largely successful to this point – the children do not respect their mother and they refuse to participate in parenting time with their mother.  The Court must take action to begin to counteract the effects of Father's inappropriate actions."

18.     March 30th, 2020, Stephanie was awarded by the family Court physical custody of the minor children to Stephanie.

19.     Oglesby was aware Father was not returning the children to Mother and was avoiding service of process.

20.     On April 9, 2020, Oglesby submitted a Declaration to the Maricopa County Superior Court Judge Rodney Mitchell, pursuant to A.R.S. §8-821(A) for an order to take custody away from Stephanie of Child 1 and Child 2 ("Minor Children").

21.     There was no mention in the Declaration that Father was alienating the Children against Stephanie and potentially was coercing the children to make false allegations against Stephanie.

22.     The Declaration for Ex-Parte Removal of Children, signed by Oglesby contained one or more misrepresentations or omissions material to the finding of probable cause to take custody of the children away from Stephanie and Oglesby made those misrepresentations or omissions either intentionally or with reckless disregard for the truth.

23.     The material misrepresentations or omissions include the following.

24.     Oglesby asserted father obtained an order of protection against mother's alleged stalking and the allegation that mother's significant other "brandishing a weapon."  Even though Oglesby document law enforcement found the allegations to be unfounded, She did not inform the Court the Superior Court on April 9, 2020, after an evidentiary hearing dismissed the Order of Protection.

25.     In July of 2019, the Family Court Judge was aware of the allegations by Father that the Children were fearful of and abused by Joel and personally interviewed each Child.  The Family Court Judge did not find that the statements of the Children were credible and maintained current parenting time.  This also was not included in the Declaration.

4

26.     On September 4, 2019 there was an allegation that mother's significant other touched Crea inappropriately, even though Oglesby stated the report was unsubstantiated, she asserted the family Court gave Father temporary residential custody as a result. What she did not say was that the Family Court had already found that "Father has worked to alienate the children away from Mother and that Father's actions create a risk to the children's mental and emotional wellbeing. Father's efforts have been largely successful to this point - the children do not respect their Mother and they refuse to participate in parenting time with their Mother. The Court must take action to begin to counteract the effects of Father's inappropriate actions."

27.     Further she did not inform the Judge that the Family Court granted Mother physical custody of the minor children because of the above and because Father was hiding the children from Mother and was avoiding service.

28.     Oglesby and DCS at no time provided services for the minor children to determine the impact of Fathers manipulation of the children to make false allegations of fear and concern about living with Mother and Joel as found by the Family Court Judge on July 9, 2019.

29.     On April 9, 2020, the Superior Court Judge Rodney Mitchell signed an order based on the Declaration authorizing the Department of Child Safety, ("DCS") to remove the Children from Stephanie's and Father's custody and control.

30.     On April 14, 2020, Defendants and DCS filed a Dependency Petition in the Juvenile Court based on the Declaration and Verification of Oglesby, which was signed off on by Harwood her supervisor, without any mention of alienation, manipulation, coaching and/or coercion by Father.

31.     In the April 17, 2020 Report filed with the Juvenile Court, Oglesby and Harwood stated at page 3 "during the visits, the children appeared coached to lie to the Department."

32.     May 6, 2020 the Children were found in Florida and taken into custody by DCS.  At this time Father was arrested.

33.     Before pursuing Dependency, a forensic interview of the Children by trained interviewers should have taken place before seeking to take custody of the Children from Stephanie.

34.     At the Dependency hearing, on the stand and under oath, Oglesby admitted it had crossed her mind that Father was coaching the girls to make the allegations against Stephanie.

35.     Stephanie vehemently denied all allegations DCS made against her and asserted the facts, that all allegations against Joel were false, and that the children were being coached and manipulated by Father as found by the Court.

36.     The key facts to the Order to take custody of the children and the Dependency Petition was that Stephanie did not believe the allegations asserted against her and Joel by her Children were true.  Oglesby, Madson and Harwood argued that Stephanie was not protecting her children because Stephanie did not believe them.

37.     Oglesby, Madson and Harwood did not conduct a forensic interview of the Children to determine if the stories were made up or true, especially since the Family Court Judge had interviewed the children and found those allegations were not true.

38.     Oglesby, Madson and Harwood refused to do this even though they had reviewed the ruling from the Family Court Judge finding that the Father was manipulating the Children to alienate the Children from Stephanie and did so with great effect.

39.     Oglesby, Harwood and Madson rejected any concern of manipulation or coaching and rather than determining the truthfulness of the allegations made by the Children, filed Dependency because Stephanie felt the children were not being truthful

and were being coached by Father into making the allegations.  All of which turned out to be true.

40.     The dependency adjudication was held on July 9, 2020. The Juvenile Court Judge found that dependency existed as to Stephanie, for both children. Stephanie timely appealed.

41.     On October 29, 2020, the Juvenile Court issued an Order making specific dependency findings.

42.     Stephanie's appeal continued and the Juvenile Court's dependency findings were affirmed by the Court of Appeals on April 22, 2021.

43.     Stephanie then filed a petition for review with the Supreme Court of Arizona.

44.     Madson replaced Oglesby on June 29, 2020.  She reviewed the file and met with Oglesby.  She agreed with Oglesby and refused to consider that the fearful allegations were the result of manipulation, coercion or coaching by Father.  She so testified at the Dependency hearing.

45.     On March 10, 2021, DCS submitted a Court Report prepared by a new case worker Jeff Smith approved by a new supervisor, Connie Moore.

46.     The Court Report provided new information which was not available during the dependency adjudication in July of 2020.

47.     The Children disclosed that they were coached by Father to tell egregious lies about Stephanie and Joel.

48.     The Court Report cast doubt on the evidence provided to Judge Mitchell to take custody and the Juvenile Court at the dependency adjudication on July 9, 2020.

49.     During the Report and Review hearing on March 12, 2021, the Juvenile Court found that it was "harmful for Father to have contact with the children based on Father's coaching the children to make malicious allegations against the Mother and her significant other, which could affect the children's mental health."

50.     Visitation with Father was suspended due to the potential harm to the children.

51.     Oglesby, Madson and Harwood refused to consider the allegations were the result of Father's coercion because they did not want to pursue such claims against Father and felt he was safer for the Children to live with than Stephanie and Joel. They were biased.

52.     Stephanie successfully participated in all services and worked with the Family Reunification Team.  Unsupervised visitation between Stephanie and Child 1 and Child 2 started in March of 2021.

53.     Child 1 returned to Mother's home on April 21, 2021, and the case was involving Child 1 dismissed on April 23, 2021.

54.     Child 2's visits in March/April 2021 went well, and Child 2 voiced her desire to return home.

55.     The dependency was terminated by the Juvenile Court effective June 22, 2021.

56.     On 7/15/2021, the Juvenile Court Judge Whitten vacated the reasons for his finding of dependency regarding the Children.

57.     Judge Whitten had Stephanie's Motion for Reconsideration/Motion to Set Aside Dependency Finding" filed on June 3, 2021 and DCS's response, filed on June 18, 2021.

58.     When the motion was filed, Mother's appeal remained pending, so the Juvenile Court lacked jurisdiction to consider the motion. It was therefore denied, with the Court indicating it would consider the motion based upon the previously filed pleadings if re-urged after Stephanie's appeal was withdrawn.

59.     On July 12, 2021 Stephanie filed a notice that her appeal had been withdrawn and asking the Court to take up her June 3, 2021 motion:

8

60.     "On July 9, 2020 the Juvenile Court found Mother's two children to be dependent children, based almost exclusively on their complaints of abuse by Mother's boyfriend and Mother's failure [to] respond appropriately to protect the girls from that abuse.

61.     After more than nine months, just before the Report and Review Hearing on March 12, 2021, both girls revealed that Father had coached them to make up false allegations against Mother's boyfriend. They told the case manager that none of the abuse allegations which formed the basis of the July 9, 2020 dependency were true…."

62.     "Mother now seeks to purge the record of the judicial finding that her children were dependent – that she was not able and willing to exercise proper care and control of them. The Court has review[ed] the evidence which lead to its July 9, 2020 dependency finding. The Department correctly points out that there were other, much less serious, allegations raised in the initial reports. The question, then, is whether the Court would have ever found a dependency on the record that existed on July 9, 2020 without the problems created by Father encouraging the children to falsely accuse Mother's boyfriend of abuse."  "It certainly would not have."

63.     "While life was not perfect in Mother's home before the false allegations were made, it was not one lacking a parent who was capable of and willing to exercise proper care and control of the children."

64.     "ACCORDINGLY, Mother's Motion for Reconsideration/Motion to Set Aside Dependency Finding is granted and the Court's order that the children were ever dependent as to Mother is vacated."

65.     Oglesby, Madson and Harwood were well aware of Fathers manipulation, coercion, alienation of the Children and failed to include this information in the Dependency Petition and failed to take any action to determine the truthfulness of the allegations before or after taking the children into custody.

## COUNT ONE
## WRONGFUL PROSECUTION OF A CIVIL ACTION

66.    Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

67.    The Individual Defendants and each of them instituted the dependency action and acted as the complaining witnesses in the dependency action against Plaintiffs.

68.    The dependency proceedings were motivated by malice.

69.    The fact that there was no probable cause or reasonable basis to take custody of Child 1 or Child 2 and to pursue dependency infers malice.

70.    As found by the Juvenile Court Judge, the dependency proceeding was begun without probable cause or reasonable basis.

71.    The dependency action ultimately was terminated in Plaintiffs favor.

72.    As a result of the CPS Individual Defendants actions alleged above, Plaintiff suffered damages, including but not limited to temporary loss of custody of minor Child 1 and Child 2, injury to Stephens' reputation, loss of time with the minor children and mental and emotional distress, all in an amount to be determined at trial.

73.    Plaintiff is entitled to punitive damages to the extent the CPS Individual Defendants acted outside the course and scope of their employment.

74.    The State of Arizona is respondeat superior liable for the acts of the Individual Defendants.

75.    Malice is "a wish to vex, annoy or injure another person, or intent to do a wrongful act, established either by proof or presumption of law." A.R.S. § 1-215(20).

76.    A.R.S. § 8-805 specifically allows civil litigation against those who maliciously participate in the dependency process.

77.    A person who maliciously provides false or misleading information to the Juvenile Court should not escape liability for their conduct because the Juvenile Court relied upon that false or misleading information in finding dependency.

78.    A.R.S. §8-805 allows civil accountability for those who malicious instituted the dependency process and/or maliciously provided the false or misleading evidence to the Juvenile Court to obtain the dependency ruling.

79.    Such a civil action is seeking accountability for those who maliciously injure a parent, child and family in the dependency process and accountability is part of the checks and balances to assure the integrity of the dependency process.

80.    The State of Arizona is respondeat superior liable for the acts of Defendants.

81.    Because of the prior history between Plaintiff and her significant other and the Individual Defendants, Defendants refused to consider and take action to determine whether the children had been manipulated by Father to make false allegations of abuse and fear against Stephanie and Joel.

82.    The Individual Defendants were aware of the rulings of the Family Court Judge that Father was alienating the children against mother, the family needed intense counseling as a result and the allegations of abuse of the minor children by Joel were not true and did not inform Judge Mitchell of these facts before seeking a custody order and did not provide this information to the Juvenile Court Judge on Dependency.

83.    The first time a DCS case worker who was not already biased interviewed the children he discovered the truth that father had manipulated the children to make false allegations of abuse against Stephanie and Joel.

**COUNT TWO**
**NEGLIGENT HIRING, RETENTION OR SUPERVISION**

84.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

85.     The State of Arizona conducts its supervision of children taken into custody by the State through its employees at DCS.  The State of Arizona, through DCS and its director Mike Faust was negligent in the supervision of the tortuous and unconstitutional actions of the Individual Defendants and their supervisors as set forth in this complaint, which where all employees of the State of Arizona and or alternatively, DCS failed to properly train and supervise its employees.\

86.     Further, the State of Arizona and/or Mike Faust was negligent in permitting or failing to prevent the tortuous and unconstitutional acts set forth in this Complaint by the other Individual Defendants.

87.     The Individual Defendants and their supervisors are not trained by DCS to assure that probable cause actually exists before taking a child into temporary custody and in this case, Defendants acted on a report alone made from a source they knew at the time was a non-credible source.

88.     The State of Arizona and/or Faust caused damage to Plaintiff in an amount to be proven at trial.

89.     The State of Arizona is respondeat superior liable for the acts of Defendant Faust.


**COUNT THREE**
**INTENTIONAL INTERFERRENCE WITH PARENTAL CUSTODY OF A CHILD**


90.     Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

91.     The Individual Defendants and each of them conspired and agreed together to deprive Plaintiff of custody and control of Child 1 and/or Child 2 ("Minor Children") .

92.     The Individual Defendants intentionally interfered with Plaintiff's Custody of the Minor Children.

93.     The Individual Defendants took custody of the Minor Children without probable cause or reasonable justification.

94.     The Individual Defendants and each of them acted with malice.

95.     Malice is inferred by the lack of reasonable basis and/or probable cause to take the Minor Children into temporary emergency custody.

96.     As a result of Defendants actions alleged above, Plaintiff suffered damages including but not limited to alienation of affection, loss of companionship and custody of the Minor Children, injury to Stephen's reputation and endured mental and emotional distress, all in an amount to be determined at trial.

97.     The Individual Defendants' actions proximately caused damage to Plaintiffs in an amount to be proven at trial.

98.     Plaintiff is entitled to Punitive Damages to the extent the CPS Individual Defendants acted outside the course and scope of their employment.

99.     The State of Arizona is respondeat superior liable for the acts of Defendants.

## COUNT FOUR
## NEGLIGENCE

100.    Plaintiff incorporates herein by this reference all proceedings paragraphs of the Complaint.

101.    The Individual Defendants had a duty not to seek custody and to interfere with the parental custody and parental relationship of Plaintiff with the Minor Children

without probable cause and to seek by Declaration to obtain a order from a Judge to take custody of a minor child from parents by judicial deception.

102.   CPS Individual Defendants were grossly negligent and acted with malice in taking custody of the Minor Children based on allegations they knew came from a non-credible source without first obtaining some substantiation of the allegations.

103.   The Individual Defendants had a duty to investigate and only take action temporary custody of the Minor Children if they had credible evidence that the Minor Children wellbeing would be at risk in Plaintiffs care.

104.   The gross negligence of the Individual Defendants has proximately caused Plaintiff injury and damage in an amount to be proven at trial.

105.   The State of Arizona is respondeat superior liable for the acts of the CPS Individual Defendants.

## COUNT FIVE
## INTERFERRENCE WITH PARENTAL CUSTODY
### (42 U.S.C. § 1983)

106.   Plaintiffs incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

107.   Parents and children possess a constitutionally protected liberty interest in companionship and society with each other.

108.   The state's interference with such liberty interest without due process of law is cognizable under 42 U.S.C. § 1983.

109.   A parent's right implicates both a custodial and a companionship interest, either of which, when interfered with by the state, gives rise to a cognizable Fourteenth Amendment due process claim.

110.   A claim of interference with the parent/child relationship may be brought as either a procedural due process claims or a substantive due process claim.

111.   Whether a claim is procedural or substantive depends on whether the state action was "for the purpose of furthering legitimate state interests." "When the state has a legitimate interest in interfering with a parent-child relationship, for example, where the best interests of the child arguably warrant termination of the parent's custodial rights, the state may legitimately interfere so long as it provides 'fundamentally fair procedures.'"

112.   Conversely, when the interference was "for the purposes of oppression," the substantive due process analysis applies.

113.   Procedural due process claims typically arise when a state official removes a child from her parent's care. For such claims, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."  This right is violated if the removal is done without either a court order or "reasonable cause to believe that the child is in imminent danger of serious bodily injury." Generally, this inquiry will be "equivalent" to an examination of the child's Fourth Amendment rights.

114.   Under the Fourth Amendment, seizing a child without a warrant is excusable only when officials "have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant.

115.   The Fourth Amendment prohibits a search conducted pursuant to an ill begotten or otherwise invalid warrant.

116.   The order authorizing DCS to take custody of the minor children from Stephany was invalid because it was obtained through the intentional or reckless omission of facts required to prevent technically true statements in the affidavit from being misleading.

117.   Regarding a claim for Fourth Amendment judicial deception, Plaintiff need not establish specific intent to deceive the issuing court. Rather, Plaintiff must (1) establish that the affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a "substantial showing" that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth.

118.   Substantive due process claims typically involve egregious conduct. Official conduct only violates substantive due process when it "shocks the conscience." Whether an official's conduct "shocks the conscience" is governed by he "purpose to harm" standard or the "deliberate indifference" standard.

119.   To determine which of the two standards govern, the critical consideration is whether the circumstances are such that actual deliberation by the officer is practical. "Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience.

120.   On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives.

121.   Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result.

122.   Parents have a constitutional right to the care and custody of their children.

123.   The state may remove a child from the parents' custody only if there is probable cause to believe the child is subject to immediate or apparent harm or danger.

124.   Probable cause must be based on reasonably trustworthy information.

16

125.   The Fourth Amendment mandates DCS and/or the Individual Defendants must obtain an order of the Court authorizing DCS to take custody of the minor child.

126.   It has been well established that a police officer cannot ignore exculpatory evidence if a reasonable police officer would conclude that probable cause had not yet been established by the untrustworthy information then available.

127.   In committing the above referenced actions and/or omissions, the Individual Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of  Plaintiff's rights to have custody and companionship of the Minor children by Judicial Deception under the Fourth and/or Procedural Due Process violation under the Fourteenth Amendment to the United States Constitution, by intentionally or in reckless disregard of the truth, made one or more material misrepresentations or omissions in a Declaration for Ex-Parte Removal of a Child under A.R.S. § 8-821(A) and the Dependency Petition, submitted to a judge to obtain an order for removal of the Minor Children from Plaintiff's custody and companionship.

128.   Alternatively, the Individual Defendants violated Plaintiffs substantive Due Process Rights under the Fourteenth Amendment to the United States Constitution by taking temporary custody of the Minor Children through Deliberate indifference, i.e., conscious or reckless disregard of the consequences of one's acts or omissions which shocks the conscience.

129.   The Individual Defendants acts in interfering with the custody of the Minor children was done without probable cause or reasonable basis, thereby violating Plaintiffs fundamental constitutional rights and thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

130.   This taking injured Plaintiffs fundamental constitutional right to maintain custody and control of her Minor Children absent probable cause or reasonable basis to conclude immediate need to protect the child from abuse or neglect.

17

131.   The Individual Defendants and each of them conspired to and agreed together to deprive Plaintiff of custody of the Minor Children without probable cause or reasonable basis.

132.   Upon information and belief, the Individual Defendants did so intentionally and with malice because Plaintiff asserted the wrongful acts were being caused by Father and not Mother.

133.   The Individual Defendants acted pursuant to policy, practice, procedure, custom, direction and/or ratification of DCS chief executive officer Faust and thereby the State of Arizona.

134.   As a matter of policy, practice, procedure and/or custom at DCS, the Individual Defendants did not take the minor children into temporary custody without the blessing and direction of other supervisors and the Regional Administrative Program Manager.

135.   Pursuant to 42 U.S.C. § 1983, the Individual Defendants are liable to Plaintiff for the above-described violations of Plaintiffs Constitutional rights.

136.   Plaintiff are entitled to all rights, remedies, in law or in equity, available to them under 42 U.S.C. § 1983.

137.   Plaintiff has suffered the loss of custody and time with the Minor Children, suffered humiliation and degradation and injury to her reputation because of Defendants' Unconstitutional acts.

138.   Plaintiff is entitled to recover her reasonable costs and attorney's fees under 42 U.S.C. § 1983.

139.   Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants and each of them as follows:

1.  For compensatory and consequential damages;

2.  For attorney's fees and costs;

3.  For punitive damages; and

4.  To grant such other and further relief as the Court feels is just under the circumstances.

DATED this 9th day of September, 2022.

KEITH M. KNOWLTON, L.L.C.

/s/ Keith Knowlton
By: _____
Keith M. Knowlton
Attorney for Plaintiffs

Original filed with the Court
and a copy e-mailed this
9th day of September 2022 to:

Julie M. Rhodes (016313)
Deborah Garner (026161)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-3393
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
*Attorneys for Defendants*

/s/ Keith Knowlton
_____

CLERK OF THE SUPERIOR COURT
FILED
SEP 1 3 2022  2  4:35 pm

C. Avena, Deputy

1   Mark Brnovich
    Attorney General

2
    Julie M. Rhodes (016313)
3   Deborah Garner (026161)
    Assistant Attorneys General
4   2005 North Central Avenue
5   Phoenix, Arizona 85007-2926
    Telephone: (602) 542-7612
6   Fax: (602) 542-3393
7   DefensePhx@azag.gov
    Julie.Rhodes@azag.gov
8   Deborah.Garner@azag.gov
9   *Attorneys for Defendants*

10          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11          **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 12   STEPHANIE STEPHENS, individual, | Case No: CV2022-092486 |
| 13                    Plaintiff, | ~~PROPOSED~~ ORDER |
| 14   vs. | |
| 15   STATE OF ARIZONA; KASEY MIKE | (Interference with Parental Custody, |
| 16   FAUST, Director Department of Child | Intentional Infliction of Emotion |
|      Safety, CONCHETTA OGLESBY and | Distress, Malicious Prosecution, |
|      SPOUSE OGLESBY, husband and wife; | Negligent Supervision, Gross Negligence |
| 17   CLARA HARWOOD and SPOUSE | and Injunction) |
|      HARWOOD, husband and wife; | |
| 18   CHANTEL MADSON and SPOUSE | |
|      MADSON, husband and wife; and | |
| 19   INDIVIDUALS, ENTITIES OR | |
| 20   CORPORATION I-X, | (Assigned to the Hon. Rodrick Coffey) |
| 21                    Defendants. | |

22          Pursuant to the Stipulation filed by the parties, and good cause appearing

23   therefore,

24          **IT IS ORDERED** granting said Stipulation.

25          **IT IS FURTHER ORDERED** that Plaintiff file a First Amended Complaint no

26   later than September 9, 2022.

27          **IT IS FURTHER ORDERED** that Defendants Harwood and Madson shall

28   accept service of process of the First Amended Complaint.

1    **IT IS FURHTER ORDERED** that Defendant State of Arizona and Defendant

2 Faust were served with the Complaint on August 22, 2022.

3    **IT IS FURTHER ORDERED** that no agreements regarding service of process

4 have been reached regarding Defendant Oglesby.

5    **IT IS FURTHER ORDERED** that all served Defendants shall file a responsive

6 pleading no later than 60 days after execution of the Acceptance of Service of Process.

7

8

9 Dated:_____*9-9-22*_____    _____

10              Judge Rodrick Coffey

11             **Judge Rodrick J. Coffey**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28